```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| MILAGRO DE LA PAZ FLORES HERNANDEZ | : |
|  | : |
| v. | : Civil Action No. DKC 15-1988 |
|  | : |
| JAMES CHRISTOPHER HOGE | : |
|  | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this unpaid wage and overtime case is a motion for default judgment and for attorney's fees and costs filed by Plaintiff Milagro De La Paz Flores Hernandez ("Plaintiff"). (ECF No. 6). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be granted in part and denied in part.

**I.   Background**

**A.   Factual Background**

Plaintiff worked as a "kitchen hand" for Defendant James Christopher Hoge ("Defendant") from 2008 until March 22, 2015. (ECF No. 6-1 ¶ 3). During the time period relevant to this case, Defendant paid Plaintiff $10.00 per hour from June 2012 till May 2014 and $13.00 per hour from May 2014 until March 2015. (ECF No. 6-2). According to the complaint, Defendant was aware of the legal requirements to pay timely wages due, and he knowingly failed to pay Plaintiff time and a half for overtime

hours worked.  (ECF No. 1 ¶¶ 32, 37).  Plaintiff alleges that she regularly worked more than forty hours per week and was paid her regular hourly rate for all hours worked, including overtime hours.  (*Id.* ¶¶ 20, 22).  In all, Plaintiff was paid only her regular rate for 759.5 hours of overtime.[1]  (*See* ECF No. 6-2).  Additionally, Plaintiff contends that she was not compensated at all for thirteen hours of work, both regular and overtime.[2]  (*See id.* at 2-4).

   B.   **Procedural Background**

   Plaintiff filed her complaint on July 7, 2015.  (ECF No. 1).  Plaintiff alleges violations pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") (Count I); the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* ("MWHL") (Count II); and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* ("MWPCL") (Count III).

---

[1] The complaint states that Plaintiff worked "at least 750 hours of overtime" for which she is "owed half of her regular hourly rate."  (ECF No. 1 ¶ 23).  Exhibit B, attached to the motion for default judgment, provides a more precise calculation of the number of overtime hours worked for which Plaintiff was paid a regular rate.  (ECF No. 6-2).

[2] The complaint incorrectly states that Defendant did not pay Plaintiff "for at least [fifteen] hours of work" for which she is "owed her regular hourly rate."  (ECF No. 1 ¶ 24).  Exhibit B shows that Plaintiff was not paid for thirteen hours of work.  (*See* ECF No. 6-2, at 2-4).  Seven of those hours were overtime.  (*See id.* at 3-4).

Service of process was properly effected on Defendant on July 19, 2015. When Defendant failed to respond within the requisite time period, Plaintiff moved for entry of default. (ECF No. 4). On September 8, the clerk entered default. (ECF No. 5). On October 5, Plaintiff filed the pending motion for default judgment and for attorney's fees and costs, attaching as exhibits an affidavit of Plaintiff, a damages calculations spreadsheet, an example of a timecard that Defendant used to track Plaintiff's hours worked, and an affidavit regarding attorney's fees, expenses, and court costs. (ECF Nos. 6; 6-1; 6-2; 6-3; 6-4). To date, Defendant has taken no action in the case.

**II.  Standard of Review**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 422 (D.Md. 2005). It remains, however, "for the court to

3

determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F.Supp.2d 491, 494 (D.Md. 2010). Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, such as here, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

**III. Analysis**

    **A.  Liability**

Defendant was served with the complaint but has not responded. Accordingly, all of Plaintiff's allegations as to liability are deemed admitted.

The FLSA provides that, for any hours worked in excess of forty hours per week, an employee shall "receive[ ] compensation for [her] employment . . . at a rate not less than one and one-half times the regular rate at which [s]he is employed." 29 U.S.C. § 207. Similarly, Section 3-415 of the MWHL requires employers to pay their employees an overtime wage of at least one-and-half times their usual hourly wage for work they perform in excess of forty hours per week. Md.Code Ann., Lab. & Empl. §§ 3-415, 3-420. "The requirements of the MWHL 'mirror' those of the FLSA, and claims under both statutes therefore stand or fall together." *Orellana v. Cienna Properties, LLC*, Civ. No. JKB-11-2515, 2012 WL 203421, at *5 (D.Md. Jan. 23, 2012) (citing *Turner v. Human Genome Science, Inc.*, 292 F.Supp.2d 738, 744 (D.Md. 2003)). Moreover, the Court of Appeals of Maryland reiterated the reach of the MWPCL claim in *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 646 (2014):

> Maryland has two wage enforcement laws...the [M]WHL and the [M]WPCL. The [M]WHL aims to protect Maryland workers by providing a minimum wage standard. The [M]WPCL requires an employer to pay its employees regularly while employed, and in full at the termination of employment. Read together, these statutes allow employees to recover unlawfully withheld wages from their employer, and provide an employee two avenues to do so.

*See also Marshall v. Safeway*, 437 Md. 542, 561-62 (2014) (holding that the MWPCL generally provides an employee with a

5

cause of action against an employer, not just for the failure to pay wages on time, but also for "the refusal of employers to pay wages lawfully due").

Plaintiff alleges that she was not paid time and a half for the hours worked after forty hours each week. Additionally, Plaintiff alleges that she received no compensation for several hours worked. Accepting as true the well-pled allegations, Plaintiff has established that Defendant is liable to Plaintiff under FLSA, the MWHL, and MWPCL.

### B. Damages

The complaint asserts that Plaintiff is owed approximately $3,500.00 in actual damages for unpaid regular and overtime wages. (ECF No. 1 ¶ 25). The complaint also requests either double or treble damages under the FLSA or the MWPCL, respectively. (*Id.* ¶¶ 39, 51). "In cases such as the present one in which wage and pay records, required to be kept by employers pursuant to 29 U.S.C. § 211(c), are not available, [the employee] must show the amount and extent of her improperly compensated work 'as a matter of just and reasonable inference.'" *Lopez v. Laws 'R' Us*, Civ. No. DKC-07-2979, 2008 WL 2227353, at *3 (D.Md. May 23, 2008) (quoting *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985)). Moreover, an employee's statement under oath "as to [her] recollection of the hours [s]he worked and the pay [s]he received, if considered

credible by the trier of fact, is sufficient to establish a prima facie case of wages owed," and if the employer does not successfully rebut the employee's statement, "[t]he Court may award damages based on Plaintiff['s] testimony even though the amounts claimed are only approximated and not perfectly accurate." *Id.* at *3.

### 1. Damages Calculation

Plaintiff's motion includes her affidavit, a damages calculations spreadsheet, and an example of a timecard used to track her hours. The exact amount of damages Plaintiff is seeking is not clear from her motion and attached documents. The spreadsheet contains some discrepancies and miscalculations regarding the proper overtime rate and total wages owed. The spreadsheet displays that Plaintiff is owed $3,538.50, but an independent calculation of the weekly data indicates that Plaintiff may have been underpaid by $4,438.50. (ECF No. 6-2, at 4). Plaintiff's motion notes that "[t]he total amount owed is slightly over the $3,500.00 demanded in the [c]omplaint." (ECF No. 6, at 4).

Despite the higher amount indicated by the data in the spreadsheet, Plaintiff sought only $3,500.00 in her complaint, and she uses $3,500.00 in calculating the request for judgment in her motion. (*See id.* at 5). The Federal Rules of Civil Procedure provide that "[a] default judgment must not differ in

7

kind from, or exceed in amount, what is demanded in the pleadings." Accordingly, Plaintiff is entitled to $3,500.00 in damages for unpaid wages and overtime.

### 2. Enhanced Damages

Plaintiff requests that the damages be doubled pursuant to the FLSA or trebled pursuant to the MWPCL. Plaintiffs are "entitled to recover liquidated damages under the FLSA or treble damages under the [MWPCL], but not both." *Quiroz v. Wilhelp Commercial Builders, Inc.*, No. WGC-10-2016, 2011 WL 5826677, at *3 (D.Md. Nov. 17, 2011). "'Enhanced damages serve the dual purposes of compensating employees for consequential losses, such as late charges or evictions that can occur when employees who are not properly paid are unable to meet their financial obligations; and of penalizing employers who withhold wages without colorable justification.'" *Clancy v. Skyline Grill, LLC*, No. ELH-12-1598, 2012 WL 5409733, at *8 (D.Md. Nov. 5, 2012) (quoting *Lopez v. Lawns R Us*, No. DKC-07-2979, 2008 WL 2227353, at *4 (D.Md. May 23, 2008)).

> [I]t has become customary in this district to award double damages under the FLSA, but not treble damages under the MWPCL, when the "defendants '[do] not offer any evidence of a bona fide dispute' to make liquidated damages inappropriate, [but the] plaintiffs '[do] not offer any evidence of consequential damages suffered because of the underpayments.'" *Clancy*, 2012 WL 5409733, at *8 (quoting *Lopez*, 2008 WL 2227353, at *4); *see also Castillo v. D&P*

8

>*Prof'l Servs., Inc.*, No. DKC-14-1992, 2015 WL 4068531, at *6-7 (D.Md. July 2, 2015); *Labuda v. SEF Stainless Steel, Inc.*, No. RDB-11-1078, 2012 WL 1899417, at *3 (D.Md. May 23, 2012); *Monge v. Portofino Ristorante*, 751 F.Supp.2d 789, 800 (D.Md. 2010).

*Villatoro v. CTS & Assocs., Inc.*, No. DKC-14-1978, 2016 WL 2348003, at *3 (D.Md. May 4, 2016).

Here, Defendant has failed to appear and present any evidence of a colorable justification for withholding the wages. On the other hand, Plaintiff has provided no evidence of any consequential damages suffered as a result of Defendant's violations. Accordingly, liquidated damages under the FLSA will be awarded in the total amount of $7,000.00.

### C. Attorney's Fees and Costs

In any action under the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The payment of attorney's fees and costs to employees who prevail on FLSA claims is mandatory. "The amount of the attorney's fees, however, is within the sound discretion of the trial court." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). The MWHL also allows for the recovery of attorney's fees and costs. *See* Md. Code Ann., Lab. & Empl. § 3–427 ("If a court determines that an employee is entitled to recovery in an action under this

section, the court may allow against the employer reasonable counsel fees and other costs.").

Plaintiff's counsel seeks $9,215.50 in attorney's fees. (ECF No. 6, at 5). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This approach is commonly known as the "lodestar" method. *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008).[3] In deciding what constitutes a "reasonable" number of hours and a "reasonable" rate, numerous factors may prove pertinent, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney['s] fees awards in similar cases.

---

[3] Maryland courts also use the "lodestar" method when determining attorney's fees under fee-shifting statutes. *See, e.g.*, *Friolo v. Frankel*, 373 Md. 501, 504-05 (2003).

*Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243–44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). "[T]he burden rests with the fee applicant to establish the reasonableness of a requested rate." *Id.* at 244 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award," including, for example, "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Id.* at 244, 245 (internal quotation marks omitted).

Here, Plaintiff provides a chart detailing the number of hours worked and the hourly rates requested, as well as signed, sworn statements by Plaintiff's attorneys and paralegal. (ECF No. 6-4). Although additional information is often required to support a request for attorney's fees, such information is not necessary in this case. The court has previously considered fee petitions in a number of similar cases, and the chart and sworn statements contain sufficient detail. The attorneys, Jonathan Tucker and Justin Zelikovitz, aver that they were admitted to the bar in December 2009 and December 2008, respectively. Accordingly, when performing the work on this case, the

attorneys had been admitted to the bar for approximately six years. The guidelines set forth in the Local Rules suggest that a reasonable hourly rate is $165–$300 for lawyers admitted to the bar for five to eight years. Local Rules App'x B. Mr. Tucker and Mr. Zelikovitz request a billing rate of $295 per hour, which is near the top of the guidelines' range. Last year, Mr. Zelikovitz was awarded an hourly rate of $225 for work performed in an FLSA case. This case presents no particularly complicated issues that warrant such a sharply increased rate from one year to the next. Accordingly, a rate of $250 is reasonable for Mr. Tucker and Mr. Zelikovitz. The requested rate of $145 per hour for work performed by a paralegal is within the guidelines' range and is reasonable.

The number of hours expended are well-documented with specificity, and are reasonable. (ECF No. 6-4). Counsel spent 40.9 hours on this case from the initial client phone interview with Plaintiff through the drafting of the pending motion. Much of the work was performed by a paralegal rather than a higher-billing attorney. Accordingly, Plaintiff will be awarded $8,230.00 in attorney's fees.

Plaintiff seeks $505.00 in costs. (*Id.* at 2). These costs include a $400.00 filing fee and $105.00 for service of process fees.

> [T]he Fourth Circuit has held that district courts have discretion to determine the costs that will be assessed against losing defendants in FLSA cases. *Roy v. Cnty. Of Lexington, S.C.*, 141 F.3d 533, 549 (4th Cir. 1998). . . . [C]osts charged to losing defendants may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). Types of costs charged to losing defendants include "necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enters. Corp.*, No. JKS-06-68, 2010 WL 3385362, at *7 (D.Md. Aug. 25, 2010).

*Andrade v. Aerotek, Inc.*, 852 F.Supp.2d 637, 644 (D.Md. 2012). Here, the costs requested by Plaintiff are reasonable, necessary, and are detailed with sufficient specificity. Accordingly, Plaintiff has met her "burden of providing sufficient detail . . . to explain and support [her] requests for fees and costs," *see Andrade*, 852 F.Supp.2d at 645 (citing *Spencer v. General Elec. Co.*, 706 F.Supp. 1234, 1244 (E.D.Va. 1989)), and the requested costs will be awarded in full.

**IV. Conclusion**

For the foregoing reasons, the motion for default judgment filed by Plaintiff will be granted in part and denied in part. Judgment will be entered for Plaintiff in the amount of $7,000.00. Plaintiff will also be awarded $8,230.00 for

attorney's fees and $505.00 for costs.  A separate order will follow.

```
                          _____/s/_____
                          DEBORAH K. CHASANOW
                          United States District Judge
```